IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-12804 MER |
| SGD TIMBER CANYON, LLC ) | |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| STEVEN C. THOMPSON, SGD TIMBER ) | Adversary No. 11-1118 MER |
| CANYON, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| FLAGSTAR BANK, FSB, ) | |
| ) | Signed/Docketed |
| ) | November 3, 2011 |
| Defendant. ) | |

## ORDER

THIS MATTER comes before the Court on *Plaintiff Steven C. Thompson's Motion for Award of Costs and Expenses Related to Removal* (the "Motion"), and *Defendant Flagstar Bank, FSB's Response in Opposition to Plaintiff Steven C. Thompson's Motion for Award of Costs and Expenses Related to Removal* (the "Response"). The Court has considered the evidence presented in this case and the legal arguments presented by the parties, and hereby finds and concludes as follows.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), because it involves the propriety of an adversary proceeding brought in connection with the above-captioned bankruptcy estate, and so involves the administration of the estate.

## BACKGROUND FACTS

On April 12, 2006, Flagstar Bank, FSB ("Flagstar") made a loan to Debtor SGD Timber Canyon, LLC (the "Debtor") in the amount of $11.9 million, secured by real property owned by the Debtor (the "Timber Ridge Lots"). Plaintiff Steven C. Thompson ("Thompson") acquired the Debtor in April 2009, and is its sole member. The Debtor defaulted on Flagstar's loan, and

Flagstar commenced foreclosure proceedings against the Timber Ridge Lots. Before the foreclosure sale, the Debtor filed its Chapter 11 petition.

Pursuant to the Debtor's and Flagstar's *Stipulation Regarding Relief from Automatic Stay*[1] (the "Stipulation"), the Debtor agreed to withdraw its objection to Flagstar's Motion for Relief From Stay, in exchange for which Flagstar agreed to forbear from exercising its remedies against the Timber Ridge Lots so long as it received monthly adequate protection payments and a payment of $6,750,000 on or before October 15, 2010. Paragraph 8 of the Stipulation provided "Flagstar will consider in good faith the release of its lien on lots sold at fair market value with all proceeds (notwithstanding any mechanic's lien claims) paid to Flagstar."[2]

The Debtor failed to make the $6,750,000 payment, but subsequently tendered to Flagstar a purchase and sale contract (the "Purchase Contract"), pursuant to which an entity called Development Investment Builder Services, owned by Thompson (as buyer) sought to purchase certain of the thirty-five Timber Ridge Lots from the Debtor (as seller) at the discount price of $80,000 per lot. Bankruptcy Court approval for the Purchase Contract was neither sought nor obtained. Flagstar rejected the offer and, in December 2010, completed the foreclosure sale and obtained title to the Timber Ridge Lots. At the foreclosure sale, Flagstar bid $6.75 million for the Timber Ridge Lots (*i.e.*, $107,143 per lot).

On October 19, 2010, the Debtor initiated Adversary Proceeding No. 10-1760 MER against Flagstar, alleging Flagstar breached paragraph 8 of the Stipulation when it refused to accept the Purchase Contract. Approximately three months later (on January 11, 2011), Thompson, individually, initiated an identical lawsuit against Flagstar in Douglas County District Court (the "State Action"). On February 4, 2011, the Debtor dismissed its adversary proceeding before this Court and Thompson amended his complaint in the State Action to add the Debtor as a plaintiff. On February 18, 2011, Flagstar filed its *Notice of Removal* (the "Notice") to remove the State Action from the Douglas County District Court to this Court, as Adversary Proceeding No. 11-1118 MER.

On March 21, 2011, Thompson filed a motion to remand only his claims to state court not the Debtor's. One day later, on March 22, 2011, Flagstar moved to dismiss this adversary proceeding. On May 23, 2011, in the underlying bankruptcy case, the Chapter 7 Trustee filed a motion to compromise with Flagstar. The Court set the adversary motions and the motion to compromise for hearing on August 17, 2011. At that hearing, the Court approved the motion to compromise, and granted Thompson's motion to remand. The Court also ordered this adversary proceeding closed.

---

[1] Stipulation Regarding Relief from Automatic Stay and Release, Exhibit A to Docket No. 75 in the underlying case, approved by order of the Court on June 18, 2010, Docket No. 78 in the underlying case.

[2] *Id*. at, p. 3 ¶ 8.

Thompson's Motion states he is entitled to recover attorneys' fees and other expenses incurred in obtaining the remand to state court, asserting Flagstar's removal to this Court was unreasonable. Specifically, Thompson argues Flagstar could have had no reasonable grounds for removal because this Court lacked jurisdiction to hear his slaims.

Flagstar's Response contends fees and costs are not warranted because it had an objectively reasonable basis for filing the Notice of Removal. Flagstar points out that at the time it filed the Notice, the United States Supreme Court's decision in *Stern v. Marshall*[3] had not yet been issued to give rise to jurisdictional concerns. Therefore, Flagstar alleges it reasonably believed the matter was both arising in and related to the bankruptcy case, because Thompson's action sought to enforce the terms of the Stipulation. Since courts may interpret and enforce their own orders, Flagstar argues this Court had jurisdiction over the matter. Further, Flagstar points out paragraph 18 of the Stipulation provides the bankruptcy court has "exclusive jurisdiction to resolve any dispute over the meaning, intent, and enforcement of this Stipulation." In the event the Court later determines it lacked such jurisdiction, Flagstar maintains Thompson should not now be allowed to obtain fees for remand of a case in which the Debtor agreed to the jurisdiction of this Court. Flagstar also notes the Debtor, through its sole member, Thompson, filed its own original action against Flagstar in this Court, as Adversary No. 10-1760 MER. Finally, Flagstar argues Thompson's motion to remand addressed only Thompson's claim, yet the state court complaint seeks specific performance by Flagstar under the Stipulation entered into by the Debtor in this Court. Therefore, Flagstar states the removal was reasonable because it would be redundant to litigate claims of Thompson and the Debtor in different Courts.

## DISCUSSION

Title 28 U.S.C. § 1447(c) provides as follows:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

In 2005, the Supreme Court stated:

Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See, e.g.,*

---

[3] *See Stern v. Marshall*, ___U.S. ___, 131 S.Ct. 2594 (2011).

> *Hornbuckle*, 385 F.3d, at 541; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (C.A.5 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c). *Fogerty*, 510 U.S., at 534, n. 19, 114 S.Ct. 1023; *see also Milwaukee v. Cement Div., National Gypsum Co.*, 515 U.S. 189, 196, n. 8, 115 S.Ct. 2091, 132 L.Ed.2d 148 (1995) ( "[A]s is always the case when an issue is committed to judicial discretion, the judge's decision must be supported by a circumstance that has relevance to the issue at hand").[4]

However, a finding of bad faith in removing the state court action is not a prerequisite to awarding attorneys' fees and costs under § 1447(c).[5] The question, then, is what constitutes an "objectively reasonable basis."[6]

Courts have found the clarity of the law at the time of the notice of removal should be considered in determining if an objectively reasonable basis exists.[7] The Fifth Circuit Court of Appeals stated: "[T]he question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[8]

This analysis is important to this case because at the time the notice of removal was filed, *Stern v. Marshall* had not yet entered, and so had not given rise to the numerous jurisdictional questions that now exist. Although this Court found the action was proper to remand even in the

---

[4] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010).

[5] *Daleske v. Fairfield Communities*, 17 F.3d 321, 324 (10th Cir. 1994), *cert. denied*, 511 U.S. 1082 (1994).

[6] Although general guidelines as to what is objectively reasonable and unreasonable are numerous, specific examples are rare. Untimely filing of a notice of removal has been held to be objectively unreasonable. *Garrett v. Cook*, ___F.3d___, 2011 WL 2725815, at *4 (10th Cir. July 14, 2011)(citing *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1254 (9th Cir. 2006)). Fees have also been awarded where the removing party made misstatements of law and fact to the opposing party, including misrepresentations regarding the discharge of debts in a bankruptcy case. *In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935, 943 (Bankr. E.D. Cal. 1997).

[7] *See American Chem. Serv. Site RD/RA Agreement Members v. Admiral Ins. Co.*, 396 B.R. 14, 19 (S.D. Ind. 2008), and cases cited therein.

[8] *Valdes v. Wal-Mart Stores, Inc.*,199 F.3d 290, 292-93 (5th Cir. 2000).

absence of *Stern v. Marshall*, the Tenth Circuit has noted a plaintiff is not entitled to attorneys' fees simply because the removal was determined to be improper, as long as a removing party had a fair basis for removing the case.[9] Therefore, the real issue is whether a fair basis for removal is presented by Flagstar's contentions: 1) the state court matter involved the Stipulation approved by this Court and was, therefore, at least a related to proceeding, and 2) the choice of law clause in the Stipulation required litigation in this Court.

With respect to the first argument, the Court finds Flagstar has stated a colorable argument this Court should hear the case because it arose from the Stipulation. This provides a "bare bones" basis for removal, although, arguably, the bank could have given more consideration to the involvement of state law questions of breach of contract.

With respect to the second argument, the Tenth Circuit found an award of attorneys' fees appropriate where a defendant refused to remand a case voluntarily despite a forum selection clause in the parties' agreement specifying jurisdiction in the state courts of Colorado, and despite the defendant's acknowledgment the case would likely be remanded.[10] In *Excell*, the Tenth Circuit stated:

> We note that forum selection clauses are frequently classified as either mandatory or permissive. *See Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995); *Frietsch v. Refco*, 56 F.3d 825, 829 (7th Cir. 1995); *Caldas & Sons v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994); *Milk 'N' More*, 963 F.2d at 1345. Mandatory forum selection clauses "contain[ ] clear language showing that jurisdiction is appropriate only in the designated forum." *Thompson v. Founders Group Intern.*, 20 Kan. App.2d 261, 886 P.2d 904, 910 (1994).[11]

In the instant case, the words "exclusive jurisdiction" suggest a mandatory forum selection clause under *Excell*, which could support Flagstar's assertion the state court case should be removed to this Court.[12]

## CONCLUSION

Because Flagstar had an objectively reasonable basis for filing its notice of removal, the Court finds an award of fees and expenses under § 1447(c) is not appropriate. Accordingly,

---

[9] *Martin v. Franklin Capital Corp.*, 393 F. 3d 1143, 1147 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005).

[10] *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321-22 (10th Cir. 1997).

[11] *Id.*, at 321.

[12] *See* Stipulation, ¶ 18.

IT IS ORDERED *Plaintiff Steven C. Thompson's Motion for Award of Costs and Expenses Related to Removal* is DENIED.

Dated November 3, 2011

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge